Mary A. Pierce, Appellant, v. Great Lakes Forwarding Corporation et al., Respondents. Great Lakes Forwarding Corporation, Respondent, v. John V. Pierce, Appellant.— Plaintiff Mary A. Pierce in Action No. 1 appeals from a judgment in favor of the defendants based upon a jury verdict of no cause of action in Supreme Court, Chemung County, and from an order denying her motion for a new trial. Defendant John V. Pierce in Action No. 2 appeals from a judgment in favor of the plaintiff based upon a jury verdict in the same trial, and from an order denying his motion for a new trial. These are negligence actions resulting from the collision between two motor vehicles proceeding in opposite directions, the principal issue litigated being the location of the vehicles in the highway at the time of the collision, each driver claiming that the other was operating his vehicle upon the wrong side of the highway. There is ample evidence in the record to sustain a finding by the jury as a question of fact that the vehicle owned by the Great Lakes Forwarding Corporation and driven by Mahlon R. White was being driven upon its right side of the highway, and that the collision occurred there. The record will also sustain a finding of negligence on the part of John V. Pierce, the operator of the other vehicle involved. We do not regard it as error, under the circumstances presented here, for the trial court to exclude expert opinion testimony as to the possible results of certain operations of a vehicle of the type being operated by White. The trial court did not limit the summation of appellants' counsel to an extent which constituted reversible error. Judgments and orders appealed from are affirmed, with costs. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part.

■

In the Matter of the Estate of Sylvia K. Godfrey, Deceased. Charles H. Godfrey, as Administrator of the Estate of Sylvia K. Godfrey, Deceased, Respondent; Macy's Bank et al., Appellants.— Appeal from a decree of the Surrogate's Court, Sullivan County, which directed appellants to deliver the sum of $728.92 to the administrator of decedent's estate. The decree was made in a discovery proceeding. We find no authority to sustain the decree either by way of statute or precedent. The relationship of creditor and debtor existed between decedent and appellants. The use of a discovery proceeding may not serve to enforce the payment of a common debt, or to sustain what may amount to a judgment for negligence. We suggest that the Surrogate's Court still has jurisdiction to add as a party the person into whose hands the deposit has gone and follow the proceeds if it is so advised. Decree reversed on the law and facts, without costs, and the matter remitted to the Surrogate's Court. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part.